

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID PERSONETT and )
PATRICIA PERSONETT, )
        Plaintiffs, )
)
v. ) No. 05 C 4852
)
)
PIER TRANSPORTATION, Inc. ET AL., )
)
        Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Pier Transportation Inc.'s ("Pier") and Modesto Gutierrez's ("Gutierrez") motion for a transfer. For the reasons stated below, we grant the motion to transfer.

## BACKGROUND

Plaintiffs allege that Pier is a general freight carrier and that on March 26, 2005 Plaintiff David Personett was driving a truck that was owned by Pier. Plaintiffs allege that on March 26, 2005, Defendant Ricky Daniels ("Daniels"), who was driving a truck for Defendant Morristown Freight Lines, Inc. ("Morristown"), and Gutierrez, who was driving another truck, caused an accident involving multiple vehicles and that David Personett was injured in the accident while driving the truck

for Pier. Plaintiffs brought the instant action in Illinois state court and included in their complaint a negligence claim against Pier (Count I), a negligence claim against Gutierrez (Count II), a negligence claim against Morristown (Count III), a negligence claim against Daniels (Count IV), a loss of consortium claim against Pier (Count V), a loss of consortium claim against Gutierrez (Count VI), a loss of consortium claim against Morristown (Count VII), and a negligence claim brought solely by Plaintiff Patricia Personett against Daniels (Count VIII). This case was subsequently removed to federal court and Morristown and Gutierrez have moved to transfer the action to the Northern District of Indiana, Hammond Division. Daniels and Morristown have joined in the motion to transfer.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In order to transfer a case pursuant to 28 U.S.C. § 1404(a) the transferor court must first find that: 1) venue is proper in the transferor district, *see Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir.1986)(stating that a court "in which suit is filed with proper venue" may transfer an action pursuant to § 1404(a)), and 2) venue is proper in the transferee district, *see* 28 U.S.C. § 1404(a)(stating that transfer can only be made to a district in which the action "might have been brought").

# DISCUSSION

Defendants argue that the instant action should be transferred to the Northern District of Indiana. If venue is proper in both the transferor and transferee districts, the transferor court should then consider: 1) the choice of forum by plaintiff, *Federal Deposit Ins. Corp. v. Citizens Bank and Trust Co. of Park Ridge, Ill.*, 592 F.2d 364, 368 (7th Cir.1979), 2) the convenience of the parties, *Coffey*, 796 F.2d at 220 n. 3, 3) the convenience of the witnesses, *Id.*, and 4) the interest of justice. *Id.* The movant bears the burden of establishing that the transferee district is "clearly more convenient." *Id.* at 219-20.

## I. Venue

As is indicated above, in order to transfer this action to the Northern District of Indiana pursuant to 28 U.S.C. § 1404(a), venue must be proper in the Northern District of Indiana and in the Northern District of Illinois. Venue is proper in the Northern District of Illinois because the district is the district where the action was removed. 28 U.S.C. § 1441; *See also Allied Van Lines, Inc. v. Aaron Transfer and Storage, Inc.*, 200 F.Supp.2d 941, 945 (N.D.Ill.2002)(stating that "[v]enue in an action removed from state court to federal court is governed by the removal statute, 28 U.S.C. § 1441, not by the general venue statute). Plaintiffs concede this point. (Ans. 5). Venue is also proper in the Northern District of Indiana because that district is where "a substantial part of the events or omissions giving rise to the claim

occurred...." 28 U.S.C. § 1391. The accident that is the basis for this suit occurred in Indiana. Thus, venue is appropriate in both the transferor and transferee courts.

II. Plaintiffs' Choice of Forum

Plaintiffs chose to initiate the instant action in Illinois. In considering whether to transfer an action, the court should "give some weight to the plaintiff's choice of forum." *Federal Deposit Ins. Corp.*, 592 F.2d at 368; *see also Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir.1989)(stating that "some weight must be given to [a plaintiff's] choice of forum"). A transfer pursuant to 28 U.S.C. § 1404(a) should not merely "shift the convenience from one party to another," and the choice of a forum by a plaintiff should not be "lightly ... disturbed." *Warshawsky & Co. v. Arcata Nat'l Corp.*, 552 F.2d 1257, 1259 (7th Cir.1977); *see also Heller Financial, Inc.*, 883 F.2d at 1294 (expressing concern that a transfer would merely shift the inconvenience to the plaintiff). However, whenever the plaintiff and defendant are in different states, there will inevitably be an inconvenience to one side. *In re National Presto Indus., Inc.*, 347 F.3d 662, 665 (7th Cir. 2003). When the potential inconvenience to the plaintiff and defendant are comparable "the tie is awarded to the plaintiff...." *Id.*

In the instant action, since Plaintiffs chose Illinois for the venue, their choice is entitled to some deference. However, as is indicated above, a plaintiff's choice of forum is not dispositive and there are other factors to consider as well. The pertinent

4

events at issue in this action have limited connections with Illinois and thus Plaintiffs' choice of forum is entitled to even less weight. *See Heston v. Equifax Credit Info. Servs. LLC*, 2003 WL 22243986, at *1 (N.D.Ill. 2003)(stating that plaintiff's choice of forum is given less weight if the case has no "significant connection to the chosen forum . . . .").

III. Convenience of Parties and Witnesses

In the instant action, the majority of the pertinent evidence is located in Indiana. First of all, Plaintiffs are residents of Indiana. (Mem. Ex B, C). The events in question occurred in Indiana. Although Defendant Gutierrez resides in Illinois and Pier is based in Illinois, most of the witnesses that have personal knowledge regarding the accident reside in Indiana. The emergency personnel, state troopers, and fire-fighters, that responded to the accident are located in Indiana. Thus the lives of many witnesses would be unduly disrupted if they were forced to travel to Chicago, Illinois. Plaintiffs argue that depositions can be done via video, but a video deposition is not necessarily equivalent to providing counsel with an opportunity to observe the deposed in person during a deposition. Such video depositions would also add unnecessary complications and expenses to discovery and would create potential delays in the litigation. Daniels resides in Tennessee and will need to travel a considerable distance whether he travels to Illinois or to Indiana. Morristown is headquartered in Tennessee and thus its personnel would likewise

5

face a considerable travel distance regardless. Daniels and Morristown must have concluded that it would be more convenient to travel to Indiana than Illinois because Daniels and Morristown have joined in the motion to transfer. Also, Plaintiffs are residents of Indiana. Therefore, we conclude that the convenience of the parties and witnesses factor weighs in favor of a transfer.

IV. Interest of Justice

We must also consider the interest of justice factor in making our determination. In addressing the interest of justice factor, a court may consider: 1) whether a transfer promotes the "efficient administration of justice," 2) whether the action could be consolidated with other actions in the transferee district, 3) whether the judges in the transferee district are more familiar with the pertinent state law, 4) whether jurors in a particular district have a "financial interest in [the] case," and 5) which district would have jurors that could "best apply community standards." *Coffey*, 796 F.2d at 220-21, 221 n. 4. The court should also consider whether the transferee district has a lighter docket than the transferor district. *In re National Presto Indus., Inc.*, 347 F.3d at 663. In addressing the interest of justice factor, the transferor court should focus on whether the proposed transfer would promote the "efficient functioning of the courts." *Coffey*, 796 F.2d at 221. The interest of justice factor does not involve a consideration of the merits of the plaintiff's claim. *Id.*

In the instant action, since the accident occurred in Indiana and the claims are

common law claims, Indiana law would likely apply to the claims and the district judges in Indiana are more likely to be familiar with Indiana state law. Since the witnesses and evidence are mainly located in Indiana, there will be a lesser likelihood of delays in discovery and the trial due to travel difficulties. A transfer would thus promote the efficient administration of justice. Defendants have also argued that the docket for the Northern District of Indiana is lighter than the docket for the Northern District of Illinois. Plaintiffs have not shown the Defendants' position to be in error and, therefore, a transfer is favored. Finally, since the instant action involves an accident relating to multiple vehicles that occurred in Indiana, the State of Indiana and its citizens have a direct interest in such public safety matters. Thus, the court for the Northern District of Indiana would be in the best position to ensure that the Indiana interests are protected. Therefore, we find that the interest of justice factor weighs in favor of a transfer. Based upon all of the above, we grant Defendants' motion to transfer.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motions to transfer and transfer the instant action to the Northern District of Indiana, Hammond Division.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 3, 2005